IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MIGUEL DIAZ REYES,

Plaintiff

v.                                                              CIVIL 04-2223 (ADC)

MINERVA FUENTES-ORTIZ, et al.,

Defendants

O R D E R

This is a Title VII retaliation claim in which the remaining defendant is the Office of the Comptroller. An answer to the amended complaint was filed on May 11, 2007. (Docket No. 72.) On June 5, 2007, plaintiff pro se filed a response to the answer to the amended complaint (Docket No. 73), and on the following day, he filed an informative motion notifying that he was completing an exhibit that had been submitted incomplete. (Docket No. 74.)

Before the court is defendant's motion to strike docket entries 73 and 74, (Docket No. 75, dated June 13, 2007), as well as defendant's motion restating request to strike docket entries 73 and 74. (Docket No. 85, dated July 24, 2007.) Plaintiff filed a response in opposition to defendant's motion restating request to strike docket entries 73 and 74. (Docket No. 86, dated August 6, 2007.) The defendant argues that docket entries 73 and 74 did not comply with Local Rule 10(b). The defendant points to an attachment that contains over 100 pages of

CIVIL NO. 04-2223 (ADC)                    2

exhibits, submitted in their original Spanish version.  Plaintiff filed this motion as an answer to a responsive pleading without an order of the court.  See Federal Rule of Civil Procedure 7(a).  The rule states in part: "There shall be a complaint and an answer. . . .  No other pleading shall be allowed, except that the court may order a reply to an answer or third party answer."  Federal Rule of Civil Procedure 8(d) states:  "Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided."

A hearing was scheduled for August 23, 2007, but plaintiff failed to be represented by counsel as required by the court (see Docket No. 81), and failed to appear with a certified interpreter, as required by the law.

In Garner v. Morales, the plaintiff, pro se, filed a motion that the court construed as a motion for leave to file a reply to the answer.  The court pointed out that "F[ederal] Rule [of Civil Procedure] 7(a) affords the Court discretion to allow the filing of a reply to an answer[,] [but in that case the] plaintiff ha[d] not provided any basis for the necessity of such a reply.  Indeed, such replies typically do not enhance the efficiency of the litigation."  Garner v. Morales, 237 F.R.D. 399, 400 (S.D. Tex. 2006).

Plaintiff's motion represents an answer to a responsive pleading.  Federal Rule 7(a) requires an order of the court to file such pleadings.  There was no such order.  Federal Rule 8(d) allows the court to avoid or deny such pleadings to which

CIVIL NO. 04-2223 (ADC)　　　　　　　3

no responsive pleading is permitted. In view of the above, the motion is STRICKEN. Furthermore, Local Rule 10(b) requires that "[a]ll documents not in the English language which are presented to or filed in this Court, whether as evidence or otherwise, shall be accompanied at the time of presentation or filing by an English translation thereof, unless the Court shall otherwise order."

In <u>Sánchez-Figueroa v. Banco Popular de P.R.</u>, the court stated that "Plaintiffs' entire statement of facts shall not be considered by the Court as it fails to comply with the Local Rules. Local Rule 10(b) requires all documents not in the English language to be accompanied by certified English translations." <u>Sánchez-Figueroa v. Banco Popular de P.R.</u>, 462 F. Supp. 2d 212, 217 (D.P.R. 2006); <u>see also</u> <u>Esteves González v. Embajada de la República Dominicana</u>, 497 F. Supp. 2d 279, 279 (D.P.R. 2007); <u>Recetas Por Menos, Inc. v. Five Dev. Corp.</u>, 368 F. Supp. 2d 124, 127 n.1 (D.P.R. 2005).

The defendant argues that the over 100 pages of evidence presented by the plaintiff did not comply with Local Rule 10(b). The document was presented in Spanish, but was not accompanied by a certified translation, as is required. <u>See</u> <u>García-Goyco v. Law Envtl. Consultants, Inc.</u>, 428 F.3d 14, 22 (1st Cir. 2005). Such exhibit cannot be considered by the court.

CIVIL NO. 04-2223 (ADC)                    4

In view of the above, defendants' motions to strike Docket Nos. 73 and 74 are GRANTED.  (See Docket Nos. 75, 85.)  Docket Nos. 73 and 74 are therefore STRICKEN.

At San Juan, Puerto Rico, this 15th day of October, 2007.

                                                S/ JUSTO ARENAS
                                         Chief United States Magistrate Judge